**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MA NEE Y.,

Petitioner,

v.

MARKWAYNE MULLIN, *Secretary, Department of Homeland Security*; TODD BLANCHE, *Attorney General*; DAVID VENTURELLA, *Acting Director, Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Case No. 26-cv-4277 (LMP/ECW)

**ORDER DISMISSING HABEAS PETITION AS MOOT**

---

Daniel P. Suitor, **Daniel P. Suitor, PLLC, Minneapolis, MN**, for Petitioner.

Sarah Mazzie, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Ma Nee[1] brought this petition for a writ of habeas corpus on October 3, 2026. ECF No. 1. The Court ordered the Government to respond to the petition no later than October 13, 2026, with any reply due by October 20, 2026. ECF No. 3. The Court also prohibited the Government from transferring Ma Nee out of the District of Minnesota without at least 24 hours' notice to the Court and opposing counsel. *Id.* at 2.

---

[1] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

Both the Government and Ma Nee provided timely briefing. *See* ECF Nos. 5, 7. But on October 29, 2026, the Government informed the Court that Ma Nee "boarded a removal flight to Laos" on October 27, 2026. ECF No. 8. The Government acknowledged that it failed to comply with the Court's order to provide 24 hours' notice, but described the failure as an "oversight, as [counsel] did not become aware of Petitioner's removal" until October 29, 2026. *Id.*

The Court has no choice but to dismiss Ma Nee's petition as moot. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). Judges in this District have generally concluded that when the Government removes a noncitizen from the United States, a habeas petition challenging the noncitizen's detention becomes moot because the Court "can no longer grant effective relief" since the noncitizen "is no longer in custody." *Kaluba N. v. Immigr. & Customs Enf't*, No. 20-cv-1856 (NEB/ECW), 2020 WL 7632148, at *1 (D. Minn. Nov. 12, 2020) (quoting *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc)), *report and recommendation adopted*, 2020 WL 7624841 (D. Minn. Dec. 22, 2020); *see also Morley v. Trump*, No. 25-cv-1580 (KMM/JFD), 2025 WL 1757639, at *2 (D. Minn. June 25, 2025). Because Ma Nee is no longer in the Government's custody, the Court must dismiss his petition as moot. *See Ali*, 419 F.3d at 724 ("If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction.").

Even so, the Court must address the Government's failure to provide 24 hours' notice of its intention to remove Ma Nee. The Court's orders are matters of public record, and ignorance of such orders is not acceptable even if couched as mere "oversight." It should go without saying that this Court expects—indeed, demands—compliance with its orders. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at *3 (D. Minn. Jan. 21, 2026). That is true for any party before the Court but especially so when the party is an agency of the United States. *See Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021) ("If men must turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them."). This Court expects that if the Government intends to remove a noncitizen detainee from this District, for whatever reason, it should—*at a minimum*—confirm that this Court has not placed restrictions on the noncitizen's movement. And if the Court has, the Government must comply. Full stop.

**ORDER**

For these reasons, and based on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Ma Nee's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** as moot. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 17, 2026

*s/ Laura M. Provinzino*
Laura M. Provinzino
United States District Judge